

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2009

# Frederick Torrence v. Shelly Thompson

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Frederick Torrence v. Shelly Thompson" (2009). *2009 Decisions.* Paper 1182.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1182

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-206**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1226
_____

FREDERICK M. TORRENCE, Appellant

v.

SHELLY LEE THOMPSON, Records Supervisor;
JEFFREY BEARD, Secretary of Corrections; RAYMOND SOBINA, Superintendent;
MS VICKIE SABELLA; MS. CARRIE EVERETT; MS. SATTERLEE;
MS. DEB WOODARD; MS. C. KENNEDY; MS. PAULA TOSKI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-00331)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2009

Before:  SLOVITER, FUENTES AND JORDAN, Circuit Judges

(Opinion filed June 15, 2009)
_____

OPINION
_____

PER CURIAM

Appellant Frederick Torrence filed this civil rights action against various prison officials

and employees at SCI-Forest, his current place of confinement.  Therein Torrence raised

the following claims: 1) that Appellees have unlawfully altered his term of incarceration so that it will not expire until after the sixteen year maximum imposed by the sentencing court; 2) that Appellees Sabella, Satterlee and Everett have denied him access to the courts; 3) that Appellee Woodard has been stealing and/or tampering with his legal mail, and that Appellee Kennedy is complicit in the theft; and 4) that Appellee Toski has falsified official state records concerning the duration of his sentence. Appellees filed a motion to dismiss the complaint, or in the alternative a motion for summary judgment. Torrence responded with his own summary judgment motion.

The Magistrate Judge concluded that Torrence's complaint should be dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). The District Court adopted the Magistrate Judge's report and recommendation, granted the defendants' motion to dismiss, or in the alternative their motion for summary judgment, and denied Torrence's motion for summary judgment. Torrence appealed from the District Court's order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's grant of summary judgment is plenary. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).[1] Having granted Torrence leave to proceed in forma pauperis, we must

---

[1] Although the District Court's order is ambiguous as to whether it was treating Appellees' motion as one for dismissal under Fed. R. Civ. P. 12(b)(6) or as one for summary judgement, the record demonstrates that the District Court's implicit "conversion" of the motion into one for summary judgment was harmless error. See Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). Both Torrence and the Appellees were on notice that matters outside the pleadings were being considered, both submitted such

dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After considering the record below and his filing on appeal, we find that none of Torrence's claims has an arguable legal basis. First, Torrence's claim challenging the legality of his current sentence is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), which precludes § 1983 claims whose success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 487. Torrence specifically challenges the duration of his sentence as contrary to that imposed by the sentencing court. This claim, if successful, would "spell speedier release," and therefore "lies at the core of habeas corpus." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Thus, without one of the aforementioned outcomes (reversal, expungement, etc.), Torrence is barred from challenging his conviction or sentence via § 1983.[2]

Second, we agree with the District Court that Torrence's remaining claims are barred by his failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust any available administrative remedies before bringing an

---

matters, and both were given sufficient time to file responses to the motion and objections to the Magistrate Judge's report and recommendation, which they did.

[2] Notably, we recently rejected Torrence's identical claim in the habeas context. See Torrence v. Dep't of Corr., CA No. 08-3976 (3d Cir. Mar. 24, 2009).

action under § 1983 or other federal law.  See id.  To comply with this requirement, a prisoner must complete the prison's administrative process.  See Jones v. Bock, 549 U.S. 199, 218 (2007).  Any claims not exhausted should be dismissed.  See id. at 221.

While it appears that Torrence did file grievances against many of the Appellees concerning the alleged denial of court access and problems with his mail and state records, there is no indication that he completed the remaining steps for proper exhaustion.  See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).  He concedes as much, but mistakenly believes that the PLRA's exhaustion requirement does not apply to his claims.  Nevertheless, the claims are barred for substantially the reasons given by the District Court.

Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).