GLD-197                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4106
_____

FREDERICK M. TORRENCE,
                                        Appellant,

v.

SHELLY LEE THOMPSON, RECORDS SUPERVISOR
AT SCI FOREST; *SECRETARY  PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; RAYMOND SOBINA,
SUPERINTENDENT AT SCI FOREST; MS.VICKIE SABELLA,
ACCOUNTING BUSINESS OFFICE AT SCI FOREST; MS.
CARRIE EVERETT, PAROLE SUPERVISOR AT SCI FOREST;
MS. SUSAN SATTERLEE, UNIT MANAGER AT SCI FOREST;
MS. DEB WOODARD, MAILROOM SUPERVISOR AT SCI
FOREST; CHRISTINA KENNEDY; MS. PAULA TOSKI,
BUSINESS MANAGER AT SCI FOREST

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 10-cv-00067)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed June 3, 2011)
_____

OPINION
_____

PER CURIAM

In a prior civil rights action, D.C. Civ. No. 07-cv-00331, appellant Frederick Torrence, a state prisoner, sued Records Supervisor Shelly Lee Thompson and other Pennsylvania Department of Corrections ("DOC") officials, claiming, among other things, that they conspired to extend his maximum sixteen (16) year sentence. The District Court dismissed the action for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(a). Torrence appealed, and we dismissed the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), because it presented no arguable legal issue. See Torrence v. Thompson, 335 Fed. Appx. 151 (3d Cir. 2009). We held that, although Torrence had filed grievances, he had failed to complete the "remaining steps for proper exhaustion." Id. at 153. We rejected as meritless Torrence's contention that section 1997e(a) did not apply to his claims. See id.

Torrence then filed a new action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania, D.C. Civ. No. 10-cv-00067, against Thompson and other DOC officials, raising essentially the same claims. The defendants filed a motion to dismiss, or alternatively for summary judgment, arguing that the action could not proceed for several reasons. The defendants also attached to their motion the Declaration of Dorina Varner, a DOC Chief Grievance Officer assigned to the Secretary's Office of Inmate Grievances and Appeals. Varner stated that Torrence had not fully complied with DC-ADM-804, and thus he had not exhausted his administrative remedies with respect to his cognizable claims. In fact, Torrence has never properly appealed any grievances to the Secretary's Office. With respect specifically to his attempt to appeal grievance # 219730, Varner stated that Torrence had failed to include the required paperwork, that is, he had failed to include (1) a copy of the initial grievance,

2

signed and dated; (2) the initial review response/rejection by the Grievance Officer and the inmate's appeal to the Facility Manager, signed and dated; and (3) the Facility Manager's decision/response. Varner stated that, after being advised of his obligation to do so in order to perfect his final appeal, Torrence had expressly declined. Therefore, his appeal was dismissed for failure to comply with the DOC's procedural requirements. Attached to Varner's Declaration was Torrence's April 10, 2008 letter to her, in which he stated: "All of the documents you requested … can be found on the D.O.C. computer…. I have exhausted my required steps. I need my limited funds to continue my present lawsuit against the D.O.C. and Parole Board." See Defendant's Motion to Dismiss, etc., Exhibit A to Exhibit 1.

Torrence submitted a brief in opposition to the defendants' motion, in which he argued, among other things, that the exhaustion requirement should be excused in his case. Torrence argued that the grievance system at the State Correctional Institution – Forest, where he is incarcerated, was flawed, and thus he did not have to exhaust his administrative remedies. To support his argument, he claimed that he never received a response to a grievance made in February, 2006 (which appears to be grievance # 143304). Moreover, his prior civil rights action, D.C. Civ. No. 07-cv-00331, had been dismissed in error for failure to exhaust administrative remedies, because he never received the response. Torrence also filed a motion for a temporary restraining order and preliminary injunction, in which he sought protection for himself and staff witnesses from retaliation. The defendants opposed this motion.

The Magistrate Judge recommended granting the defendants' motion to dismiss or alternatively for summary judgment, and denying Torrence's motion for a temporary

3

restraining order and preliminary injunction.  The Magistrate Judge concluded that Torrence had never properly appealed any grievances at the final stage, and, because he expressly refused to provide the necessary paperwork for his final appeal of grievance # 219730, he had not satisfied section 1997e(a) with respect to his current civil action.  With respect to his argument that the grievance system at SCI – Forest was flawed and thus his noncompliance should be excused, the Magistrate Judge found that his assertion that he never received a response to the grievance at issue in D.C. Civ. No. 07-cv-00331 was disingenuous and untrue.[1]  Torrence filed Objections.  In an order entered on October 7, 2010, the District Court adopted the Report and Recommendation as the Opinion of the Court, granted the defendants' motion to dismiss or alternatively for summary judgment, and denied Torrence's motion for a temporary restraining order and preliminary injunction.

Torrence appeals.  Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  He was invited to submit argument in writing, and he has done so.

We will dismiss the appeal as frivolous.  We have jurisdiction under 28 U.S.C. § 1291.  An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  An appeal is frivolous when it lacks an arguable basis either in law or

---

[1] The Magistrate Judge noted that Torrence himself filed the log recording the denial of his grievance and the Initial Review Response for that grievance, as exhibits to his motion for summary judgment in D.C. Civ. No. 07-cv-00331.

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  We conclude that no arguable legal or factual issue  is presented by Torrance's appeal.

We note as a preliminary matter that Torrence has already challenged in a habeas corpus petition the actions of the Pennsylvania Board of Probation and Parole in recalculating his maximum release date.  That challenge was unsuccessful.  See Torrence v. Dep't of Corrections, E.D. Pa. Civ. No. 07-cv-03620.[2]  To the extent that Torrence is now challenging the fact or duration of his recalculated maximum sentence, the instant action may not proceed because such a claim must be brought in a habeas corpus action.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  In addition, Heck v. Humphrey, 512 U.S. 477 (1994), precludes section 1983 claims like Torrence's whose success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or "called into question by a federal court's issuance of a writ of habeas corpus[.]"  Id. at 487.

We further agree with the District Court that Torrence's remaining claims are barred by his failure to completely exhaust his administrative remedies.  To comply with the exhaustion requirement, a prisoner must *complete* the prison's administrative process.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  A procedurally defective appeal does not satisfy the

_____

[2] In short, the Parole Board re-paroled Torrence and  he was released.  His maximum date for his 8-16 year sentence was set as March 26, 2011.  The Parole Board subsequently declared Torrence delinquent, and he was ordered to serve twelve months of backtime, thus extending his maximum release date to October 28, 2011.  See Report and Recommendation, D.C. Civ. No. 07-cv-03620, at 2.

exhaustion requirement of section 1997e(a). Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (section 1997e(a) contains procedural default component). Under DC-ADM 804, proper exhaustion requires three steps: the filing of an initial grievance; an appeal to the facility manager; and an appeal to the Secretary's Office of Inmate Grievances and Appeals. Torrence did not argue in the proceedings below that he completed the required paperwork for his final appeal to the Secretary's Office of Inmate Grievances and Appeals. It is thus undisputed that he defaulted on his final appeal.

As to whether exhaustion should be excused in Torrence's case, we note that he refused to submit copies of the items the DOC requires to perfect an appeal - the initial grievance; the response by the Grievance Officer and the inmate's appeal to the Facility Manager; and the Facility Manager's response. As explained by the Magistrate Judge, Torrence offered no credible evidence that the grievance process at SCI-Forest is flawed. We further conclude that his original reason for refusing to comply with the procedural requirement - that the DOC already has the items in its computer and that he needs his limited funds to pursue his lawsuits against the DOC – is unpersuasive. An inmate who cannot, for financial reasons, afford the cost of photocopying three short items, and who then seeks an exemption from the requirement, might have a plausible argument that he had exhausted his administrative remedies if the institution then refuses to hear his appeal on a procedural ground. But where the inmate has filed numerous civil actions, and has previously provided numerous exhibits in those civil actions when it has been in his interest to do so, and then has flatly refused to comply with a reasonable administrative procedural requirement because he is saving his money for his lawsuits, that inmate has deliberately bypassed the administrative process, Woodford, 548 U.S. at 97, and

6

"flout[ed] the agency's procedural rules," <u>id.</u> Torrence's financial argument, and thus his argument for an exemption, is disingenuous. The District Court properly held that he is barred by section 1997e(a) from pursuing his remaining claims in this lawsuit.

Last, Torrence's motion for a temporary restraining order and preliminary injunction was frivolous and thus was properly denied.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).