BLD-056                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3737
_____

FREDERICK M. TORRENCE,
                                                    Appellant

v.

RAYMOND J. SOBINA; PENNSYLVANIA BOARD OF PROBATION AND
PAROLE; SHELLY LEE THOMPSON; CARRIE EVERETT; DEB WOODARD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00217)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2011

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion Filed:  December 27, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        In June 2010, Frederick Torrence, then incarcerated at the State Correctional

Institution at Forest ("SCI-Forest") in Marienville, Pennsylvania, commenced this action

in federal court by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.

The complaint, which sought money damages, named the Pennsylvania Department of Probation and Parole ("PDPP") and various prison officials as defendants. The complaint alleged that PDPP had unlawfully extended Torrence's prison sentence, and that the other defendants had, inter alia, falsified official state documents, stolen his legal mail, and committed perjury to cover their acts of retaliation against him.

The parties ultimately consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). In September 2010, the defendants collectively moved to dismiss the complaint or, in the alternative, for summary judgment, arguing that Torrence's claims failed because, inter alia, he had failed to exhaust his administrative remedies. Although Torrence filed a response in opposition to that motion, that response did not challenge the defendants' exhaustion argument.

The following month, the defendants filed another motion, this time seeking dismissal alone. The only material difference between this new motion and the earlier motion was that this new motion did not raise the exhaustion issue. The defendants filed this new motion to "avoid[] the necessity of converting the motion to one for summary judgment." (Defs.' Br. in Supp. of Mot. to Dismiss filed on Oct. 21, 2010, at 2.) In February 2011, Torrence filed a motion of his own, seeking "judgment as a matter of law."

On September 26, 2011, the Magistrate Judge issued an order granting the defendants' latter motion, denying their earlier motion as moot, and dismissing Torrence's motion. In dismissing the complaint, the Magistrate Judge concluded that the

2

claims against PDPP were barred by the Eleventh Amendment. As for the claims against the individual defendants, the Magistrate Judge held that those claims were barred by the doctrine of claim preclusion because "[t]he present suit is based on the same cause of action as [Torrence's] two previous civil rights actions, involves the same parties . . . and there was a previous final judgment."[1] (Mem. Op. 10.) Torrence now seeks review of the Magistrate Judge's decision.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the order at issue here. See Gallo v. City of Phila., 161 F.3d 217, 221 (3d Cir. 1998). We may take summary action in this appeal "if it clearly appears that no substantial question is presented." 3d Cir. I.O.P. 10.6.

For substantially the reasons provided by the Magistrate Judge, we agree that Torrence's claims against PDPP are barred by the Eleventh Amendment. As for the claims against the individual defendants, we need not decide whether those claims are barred by the doctrine of claim preclusion, for they fail on exhaustion grounds.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must properly exhaust all administrative remedies before bringing § 1983 claims concerning prison conditions. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). "[E]xhaustion is mandatory under the PLRA," and "unexhausted claims cannot be

---

[1] In both of those earlier cases, Torrence's cognizable claims against the prison officials were rejected for failure to exhaust his administrative remedies. See Torrence v. Thompson, No. 10-4106, 2011 U.S. App. LEXIS 11273, at *7-10 (3d Cir. June 3, 2011) (per curiam); Torrence v. Thompson, 335 F. App'x 151, 153 (3d Cir. 2009) (per curiam).

brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). In this case, the defendants, in support of their motion for summary judgment, submitted a declaration from Dorina Varner, a Pennsylvania Department of Corrections Chief Grievance Officer assigned to the Grievance Review Office. That declaration averred that, "[s]ince his arrival at SCI-Forest, Torrence has never properly appealed any grievances to [the Secretary's Office of Inmate Grievances and Appeals]," (Defs.' Mot. for Summ. J., at Ex. 1 para. 10), the office that reviews the second (and final) appeal in Pennsylvania's prison grievance process, see Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). Torrence's opposition to the defendants' summary judgment motion did not take issue with Varner's declaration or otherwise refute their argument that he had failed to exhaust his administrative remedies.

In light of the above, we will summarily vacate the Magistrate Judge's resolution of the defendants' motions — we need not disturb the Magistrate Judge's dismissal of Torrence's meritless motion for judgment as a matter of law — and remand with instructions to enter an order (1) granting the defendants' motion for summary judgment, and (2) denying the defendants' subsequent motion to dismiss as moot. Torrence's "Motion for Attorney's Fee's [sic] and Judgment Cost" is denied.